UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Civil Action No. 1:21-cv-00308

| | |
|---|---|
| CHRISTOPHER NEVE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **DEFENDANTS'** |
| ) | **MOTION TO DISMISS** |
| CLARENCE F. BIRKHEAD, in his ) | **(F.R.C.P. Rules 12(b)(1), (2), and (6))** |
| individual and in his official capacity as ) | |
| Durham County Sheriff, WENDELL M. ) | |
| DAVIS, Durham County Manager in his ) | |
| individual and in his official capacity, and ) | |
| JOHN or JANE DOES 1-20, ) | |
| ) | |
| **Defendants.** ) | |

_____

Defendants Clarence F. Birkhead, in his individual and official capacity as Durham County Sheriff, Wendell M. Davis, former Durham County Manager in his individual and official capacity, and John or Jane Does 1-2, by and through counsel, respectfully move to dismiss Plaintiff Christopher Neve's Verified Complaint (ECF 1) under Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure, on the following grounds, as further explained in Defendants' Memorandum of Law in Support (ECF 18):

1. All individual and official capacity claims against Wendell M. Davis, former Durham County Manager, should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because as a matter of law,

1

Durham County was not Plaintiff's employer and Plaintiff has not alleged any facts giving rise to any plausible claim against Durham County or its former manager, Wendell M. Davis, in any capacity.

2. All claims against the "Doe" Defendants should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because no allegations pertain to them and Plaintiff has alleged no facts to make it plausible that any of them even exist as real persons.

3. All claims for declaratory and injunctive relief seeking to challenge the Sheriff's vaccination requirement for his current and future employees and related matters not affecting Plaintiff should be dismissed for lack of standing under Rule 12(b)(1), for lack of subject-matter jurisdiction as Plaintiff is not employed by the Sheriff, is not subject to any vaccination requirements as a private citizen, and will not be reinstated as the Sheriff's deputy or other employee.

4. Plaintiff's declaratory judgment, injunctive relief, 42 U.S.C. § 1983 substantive due process claim, and state wrongful discharge claim must be dismissed under Rules 12(b)(1) for lack of subject matter jurisdiction and/or Rule 12(b)(6) for failure to state a claim upon which relief can be granted because they are predicated on Defendants' alleged violation of Section 564 of the Federal Food, Drug, and Cosmetics Act (FDCA or Act) and seek to enforce or determine alleged rights under

2

Case 1:21-cv-00308-LCB-JLW   Document 17   Filed 05/18/21   Page 2 of 6

the Act. There is no private right of action under the Act and all of the above claims are subsequently precluded and/or preempted and precluded as a matter of law.

5.  In the alternative, if the Court should not dismiss Plaintiff's declaratory judgment, injunctive relief, 42 U.S.C. § 1983 substantive due process claim, and state wrongful discharge claim because they are precluded and/or preempted and precluded under the FDCA, then these claims must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because none of the requirements relating to Emergency Use Authorizations (EUA) more generally, *see* 21 U.S.C. § 360bbb-3, or to the COVID-19 EUAs more specifically, restrict employers such as the Sheriff from requiring vaccination as a condition of employment.

6.  The Court should dismiss Plaintiff's 42 U.S.C. § 1983 substantive due process claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because it is implausible that the Sheriff intended actual harm to Plaintiff via COVID-19 vaccination, that such vaccination is likely to cause harm, or that any possible harm is unjustifiable by any government interest. In addition, Plaintiff's claim should be dismissed under Rule 12(b)(6) because he refused vaccination and was terminated from employment, making him no longer subject to any vaccination requirement by the Sheriff.

7. The Court should dismiss Plaintiff's procedural due process claim under 42 U.S.C. § 1983 for termination from employment without a hearing under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff lacked a property interest in continued employment as a Sheriff's deputy.

8. The Court should dismiss Plaintiff's wrongful discharge claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because N.C.G.S. § 126-85 does not apply to sheriff's deputies and North Carolina public policy was not violated by Plaintiff's termination.

9. The Court should dismiss Plaintiff's § 1983 procedural and substantive due process claims against Defendants in their individual capacities under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because Defendants are entitled to qualified immunity. Plaintiff had no statutory or constitutional right to continued employment after refusing vaccination and if there were such a right, it was not clearly established.

10. The Court should dismiss Plaintiff's wrongful discharge claim against Defendants in their official capacities under Rule 12(b)(2) for lack of personal jurisdiction because they are entitled to governmental immunity.

11. The Court should dismiss Plaintiff's wrongful discharge claim against Defendants in their individual capacities under Rule 12(b)(2) for lack of personal jurisdiction because they are entitled to public official immunity.

Defendants hereby incorporate by reference herein their Memorandum of Law in Support of the Motion to Dismiss.

Dated: May 18, 2021

/s/ Danielle Barbour Wilson
Danielle Barbour Wilson
N.C. State Bar No. 39516
/s/ Jesse H. Rigsby IV
Jesse H. Rigsby IV
N.C. State Bar No. 35538
The Banks Law Firm, P.A.
P.O. Box 14350
Research Triangle Park, NC 27709
dwilson@bankslawfirm.com
jrigsby@bankslawfirm.com
Phone: (919) 474-9137
Fax: (919) 474-9537

**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

I hereby certify that on this day I have electronically filed the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification to counsel for all parties as follows:

>Aaron Siri
>Elizabeth A. Brehm
>Siri & Glimstad LLP
>200 Park Avenue, 17th Floor
>New York, New York 10166
>*Attorneys for Plaintiff*
>
>Jeffery Dobson
>Dobson Law Firm, PLLC
>119 SW Maynard Road, Suite 220
>Raleigh, NC 28202
>*Attorney for Plaintiff*

This the 18th day of May, 2021.

By: /s/ Danielle Barbour Wilson
Danielle Barbour Wilson
N.C. State Bar No. 39516
/s/ Jesse H. Rigsby IV
Jesse H. Rigsby IV
N.C. State Bar No. 35538
The Banks Law Firm, P.A.
P.O. Box 14350
Research Triangle Park, NC 27709
Telephone: (919) 474-9137
Facsimile: (919) 474-9537
Email: dwilson@bankslawfirm.com
Email: jrigsby@bankslawfirm.com

**ATTORNEYS FOR DEFENDANTS**

6

Case 1:21-cv-00308-LCB-JLW   Document 17   Filed 05/18/21   Page 6 of 6